CASE 7—PETITION EQUITY—APRIL 8.

# Winn v. Henry.

APPEAL FROM MASON CIRCUIT COURT.

1. STATUTE OF FRAUDS—SUFFICIENCY OF MEMORANDUM.—Although a writing signed by vendor and vendee, if interpreted literally, be simply a declaration by the vendee that he has purchased the land at a certain price, yet being assented to by the vendor as evidenced by his signature, he is as much bound by it as if he had in terms agreed to sell.

2. SAME.—A writing describing the property sold as "Silver Lake Place, near Washington, Kentucky, containing fifty-two acres, more or less," is sufficient to satisfy the requirements of the statute of frauds.

WHITAKER & ROBERTSON FOR APPELLANT.

1. A written contract for the sale of real estate if certain, fair, just, and mutual, will be specifically enforced by a court of equity at the suit

Winn v. Henry.

of either party. (Story's Equity Jurisprudence, section 751; Pome-roy's Equity Jurisprudence, section 1405; Burton v. Shotwell, 13 Bush, 282; Logan, &c., v. Bull, 78 Ky., 607.)

2. The written memorandum of the contract sought to be enforced is sufficient to satisfy the requirements of the statute of frauds. (Coleman, Ex'r, v. Meade, 13 Bush, 360, 361.)

W. H. WADSWORTH FOR APPELLEE.

1. The plaintiff's remedy at law is complete, and, therefore, equity will not enforce. (Madison v. Chinn, 3 J. J. M., 230.)

2. It is discretionary with equity whether or not it will enforce. It is not a matter of right in the vendor. (2 Story's Eq., section 742, 7th edition; Petty v. Roberts, 7 Bush, 419.)

3. The contract is indefinite and uncertain, and, therefore, equity will not enforce. (Story's Eq., section 767.)

4. The contract only binds the vendee, although signed by both parties, and, therefore, can not be enforced. (Jones v. Noble, &c., 3 Bush, 697, and cases cited.)

5. The plaintiff must exhibit his title and show his ability to convey to entitle him to have the contract enforced. (Cain, &c., v. Williams, &c., 8 Bush, 348; Beckwith v. Kouns, &c., 6 B. M., 222.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The appeal in this case is from the judgment of the lower court sustaining a general demurrer to the petition, in which the vendor, Winn, seeks to enforce the following contract in writing:

"I have this March 5, 1883, purchased from Wm. Winn Silver Lake Place, near Washington, Kentucky, containing fifty-two (52) acres, more or less, with his parlor furniture, including cooking stove, for twelve thousand five hundred ($12,500) dollars, one-third ($\frac{1}{3}$) cash, to be paid when possession is given in a few weeks, one-third of the remainder in one year from date, one-third in two years, and the remaining one-third in three years, the deferred payments to carry interest from date until paid at the rate of six per cent. per annum.

"ANN F. HENRY,
"WM. WINN."

vol. 84.—4

It is substantially averred in the petition by the vendor that March 13, 1885, he offered to deliver possession of the land and personal property mentioned to the vendee, Henry, and at the same time tendered to her a deed, duly executed and acknowledged, in which the land is described, and that he is ready, able and willing to make to her a good title to the land, and filed the deed with his petition, and tendered it in court.

As the vendor avers a willingness and ability, as well as offers to comply with his part of the contract in every essential particular, and that the vendee has wholly failed and refused to either accept the possession and deed or to make payment of the first installment of the purchase money, a *prima facie* right to the specific execution prayed for in the petition, as well as the jurisdiction of the court to grant the relief, clearly exists, if the writing amounts to an enforceable contract; and whether it does or not is the only question.

It so appearing on its face, and there being nothing in the record to the contrary, the contract must be assumed as fair and just.

According to the uniform tenor of the decisions of this court, the land, as well as the personal property purporting to be the subject of sale and purchase, is indicated with sufficient certainty and distinctness to identify it; for the quantity of land, the name of the place, as well as its locality, near to the town of Washington, Kentucky, are all stated.

In Overstreet v. Rice, 4 Bush, 1, a contract of exchange of land, described in the written memo-

randum merely as the two farms of the two con-
tracting parties, was upheld. In Ellis v. Deadman, 4
Bibb, 466, the writing was as follows: "4 January,
1808: Received of Jesse Ellis $——, in part pay for
a lot he bought of me in the town of Versailles, it
being the cash part of the purchase of said lot by
Nathan Deadman."

In that case the court said: "If the receipt had
specified the terms of the agreement, there would
have been no doubt of the propriety of decreeing
a special execution; for, although the receipt was
apparently intended only to be evidence of the pay-
ment which had been made, yet it would, in that
case, have been, in fact, such a memorandum of the
agreement as would have taken the case out of the
provision of the statute."

In this case the terms of the contract are fully
and clearly set out, not only in respect to the sub-
ject of purchase and sale, but also as to the pur-
chase price, and the time of payment of the several
installments.

The agreement on the part of the vendee to pur-
chase and to pay for the land and personal property
is as explicit and direct as it could be made, and
we think the covenant on the part of the vendee to
sell, convey and give possession is equally obliga-
tory and enforceable.

Although the language "I have this day purchased
from Wm. Winn Silver Lake Place," &c., interpreted
literally, is an agreement or declaration by the pur-
chaser simply, still, being assented to by the seller,
as evidenced and indicated by his signature, he is

as much bound by it as if he had in terms agreed to sell. Moreover, he expressly undertakes to give possession within a few weeks, which is definite enough as to time to make the agreement binding, and being a party to the contract, the law implies an agreement by him to do the only other thing necessary to complete the sale and purchase; that is, that he has and will make to the purchaser a good title.

We think the writing is evidence of a contract of sale and purchase, mutually binding upon the vendor and vendee, and as the case is now presented, appellant is entitled to the relief sought, and the court erred in sustaining a demurrer to the petition.

The judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.