## EDWARDS v. PHILLIPS.

No. 8581—Opinion Filed April 30, 1918.

(172 Pac. 949.)

**Appeal and Error—Frauds, Statute of—Theory of Case Below—Description of Real Estate.**

The parties upon appeal are bound by the same theories upon which they tried their case in the lower court, and, applying that rule to the case at bar, it is held, that the description of the real estate embraced in said contract is sufficient to take the transaction without the statute of frauds, and that the contract is valid, binding, and enforceable.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by W. T. Phillips against R. J. Edwards. Judgment for plaintiff, and defendant brings error. Affirmed.

Keaton, Wells & Johnston, for plaintiff in error.

Riddle & Hammerly and Lawrence Mills, for defendant in error.

Opinion by HOOKER, C. This case was tried by the parties in the lower court upon the sole theory as to whether the contract constituting the basis of the action alleged to have been entered into by and between Edwards and Griffin was an enforceable contract under the statute; the plaintiff below, Phillips, contending that it was an enforceable contract, and that therefore Edwards was liable to him for his commission, and the defendant below, Edwards, contending that the real estate agent was not entitled to his commission for the reason he had not caused the intended purchaser to enter into an enforceable contract. The case will be considered here upon that theory. Therefore it follows that if the contract was within the statute of frauds on account of the insufficient description of the property intended to be conveyed by Edwards to the purchaser, Griffin, then the plaintiff in error is entitled to prevail here, and if the description of said property in said contract is sufficient, then the defendant in error must prevail. This court has held in a number of cases that the parties are bound by the theories upon which their cause was tried in the lower court, and the rule will be adhered to here. See Queen Ins. Co. of A. v. Cotney, 25 Okla. 125, 105 Pac. 651; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; Checotah v. Hardridge, 31 Okla. 742, 123 Pac. 846; Watson v. Taylor, 35 Okla. 768, 131 Pac. 922; Bank v. Hinkle, 65 Okla. 62, 162 Pac. 1092.

The description of the property in said contract is as follows:

"Party of the first part agrees to sell and deliver to second party and convey by general warranty deed to second party 975 acres of land, more or less, situated in Grady county, Oklahoma, in sections 26-27-34 and 35 in township 7, north of range 6 west, and known as the 'Beeler Farm.' * * *

"The party of the second part agrees and binds himself * * * to deliver good and sufficient title to said first party to a two-story brick building in Foss, Oklahoma, and to a one-story brick business house, and a two-story residence in Foss, Oklahoma; same being the property heretofore inspected by the first party."

The plaintiff in error defended this action in the lower court upon the theory that this description was insufficient, and he has urged here the same proposition that the contract was not an enforceable one, and therefore he is not liable for the commis-

sion. The defendant in error prosecuted his action in the court below upon said theory that this contract was an enforceable one, and the cause was tried and the jury instructed along this theory, and the verdict of the jury under the instructions of the court was based upon the theory that the contract was an enforceable one.

The only question necessary, as we view it, to determine, is whether this is an enforceable contract under the statute of this state; that is, whether the contract is within the statute of frauds. In 36 Cyc. 591, the author says in dealing with the question of specific performance:

"The description must be such as to enable the court to determine with certainty, with the aid of such extrinsic evidence, as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence unnecessary. Reasonable certainty is all that is required. Extrinsic proof is allowed in order to apply, not to alter or vary, the written agreement."

In Woods on the Statute of Frauds, § 353, page 680, it is said:

"It is not necessary that the agreement should contain a very precise description of the property to be sold, as parol evidence is admissible to identify it, where the memorandum or note contains sufficient data to apply the description to the subject-matter by the aid of such evidence, without requiring any aid from such evidence as to the intention of the person sought to be charged, where he owns other property to which the writing might apply. If reference is so made thereto in the memorandum, that it can be applied to the subject-matter of the agreement with reasonable certainty, 'facts existing at the time of making the agreement may,' said Wigram, V. C., 'be admissible to assist the court in determining the meaning of the language, an act done or letter written at the time material to the right interpretation of the agreement. * * *' If the note or memorandum does not contain either in itself, or by reference to any other writing, the means of identifying the property, it is insufficient. * * * But where the writing within itself or by reference to other writings contain sufficient data, so that by the aid of parol evidence no question as to the intention of the party can arise, it is sufficient. Thus a memorandum describing the property as 'my estates' located in certain towns is sufficient, if it is shown that the party owned no other estates in the towns named, because the writing can be definitely applied to the subject-matter, by the aid of parol evidence without raising any question as to the real intention of the party, except such

as is apparent from the writing itself. So such descriptions as 'the land bought of Mr. Peters,' 'Mr. Ogilvie's house,' 'the property in Cable street,' or 'a house on Church street,' or 'the house in Newport,' 'my house,' 'the intended new public house at Putney,' 'the mill property, including cottages in Esher village,' have been held to be sufficient. A description of the property in a title bond, as 'a steammill and distillery, with all the machinery,' etc., 'situate in the county of Smith, and state of Tennessee, near the village of Rome, in civil district No. 13, on the banks of the Cumberland river, supposed to contain one and a half acres of land,' was held to be sufficient, and parol evidence to be admissible for the identification of the premises. So a written contract to convey a house on a certain street named is a contract to convey the house of the grantor there, and is sufficiently definite within the statute; and if it is shown aliunde that there are other houses on that street, it may be shown that there is no other owned by the grantor. * * * A memorandum describing the estate in this form was also held sufficient: 'Ellsworth, Dec. 15, 1854; received of D. B. and C. S. C. $1,000, to be accounted for, if they shall furnish me satisfactory security for certain lands on the Naragaugus rivers, said 119,-000 acres for $113,000 on or before Friday morning next; otherwise to be forfeited. John Black'—because in such a case parol evidence is admissible to show what land John Black owned on the river named, and that he owned no other land there than that described. In order to render a written contract for the sale of real estate binding under the statute of frauds, it is not essential that the description should have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter. The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction; so that with the assistance of external evidence the description, without being contracted or added to, can be connected with and applied to the very property intended and to the exclusion of all other property. The circumstances that in any case a conflict arises in the outside evidence cannot be allowed the force of proof that the written description is in itself insufficient to satisfy the statute. Whether the description answers the requirement of the statute is a question which occurs on the face of the papers, and is naturally preliminary to the introduction of testimony to connect the contract with the property, and the decision of it would regularly seem to be required on an inspection of the documents, and before the arrival of opportunity for any conflict of the kind referred to. Moreover, it would hardly be deemed reasonable to allow the validity of the written

description to depend on the ability of a party to bring about a conflict in the outside testimony. If the description is such that it can be identified beyond a doubt, it is sufficient. * * * But there is a tendency to relax the rigor of the rule as to the admissibility of parol evidence in such cases, and where the note or memorandum contains sufficient data, so that it can, with the aid of parol testimony, be certainly applied to the land, it is, in some of the states, held to be sufficient. Thus in a Massachusetts case, S., in a writing signed by himself and P., agreed to convey to P. 'my estates located as follows: Three houses in the town of R. as shown this day; two are Frenchroof, and valued at $3,000 each; the other is a pitchroof house, and valued at $6,000; together with all the land as now fenced; the whole being valued at $12,000. Also, three tenement houses on B. Street in C. as shown this day, and valued at $8,000, subject to a $2,000 mortgage; all the aforementioned estates having an equity of $18,000.' On a bill brought by P. and wife for specific performance, it was held that the contract, though not signed by the wife, was a sufficient memorandum within the statute of frauds, and that a demurrer to the bill must be overruled."

In Reed on the Statute of Frauds, vol. 1, § 410, p. 715, it is said:

"So, also, a memorandum as follows is sufficient: 'I have this day sold the house, etc., in Newport, to J. Owen for * * * as soon as the deeds can be had from Mr. Deere,' as a reference to the latter would show what house was meant. Where the property has a name a reference to it by such name is enough. * * * The location of the property as being in a certain town may be definite enough. * * *"

By reference to the contract in question it is readily ascertainable that the farm to be conveyed by the purchaser to Edwards is described by its local appellation and in addition thereto same is located by sections 26, 27, 34, and 35 in township 7, north of range 6 west. This, in our judgment, is a sufficient description to identify the property and to exempt the same from the statute of frauds, and renders that certain which is capable of being made certain. The following cases support our view upon this proposition: Richards v. Edick, 17 Barb. (N. Y.) 260; Tewksbury v. Howard, 138 Ind. 103, 37 N. E. 355; Price v. McKay, 53 N. J. Eq. 588, 32 Atl. 130; Scanlan v. Goddes, 112 Mass. 15; Mead v. Parker, 115 Mass. 413, 15 Am. Rep. 110; Lente v. Clarke, 22 Fla. 515, 1 South. 149; Hollis v. Burgess, 37 Kan. 487, 15 Pac. 536; Winn v. Henry, 84 Ky. 48; Francis v. Barry, 69 Mich. 311, 37 N. W. 353; Cherry v. Long, 61 N. C. 466; Ross v. Baker, 72 Pa. 186; Farris v. Caper-

ton, 1 Head (38 Tenn.) 606, and cases cited at note P. on page 716, Reed on the Statute of Frauds. In Hollis v. Burgess, supra, the Supreme Court of Kansas said:

"To answer the requirements of the statute of frauds, the written contract should describe the land sold with certainty; but it is not essential that the description should be given with such particularity as to make a resort to extrinsic evidence unnecessary. Where the land sold is described in the written contract as the 'Snow Farm,' and is commonly designated in the neighborhood where situated, and by all the parties to the contract, by the same name, and the court can without doubt, by the aid of extrinsic evidence, apply the description to the very land intended to be sold, held, that such agreement, being otherwise sufficient, will be enforced."

With reference to the description of the property in Foss, owned by Edwards as described in this contract, the writer is not free from doubt as to the views herein expressed, but from an examination of the authorities is of the opinion that the same is sufficient to take the contract out of the statute of frauds. In Carson v. Ray, 52 N. C. 609, 78 Am. Dec. 267, the court held:

" 'My house and lot in the town of Jefferson, in Ashe county, North Carolina,' the grantor having a house and lot, and only one, in that town, was held to be a sufficient description of the premises to pass them by deed."

And in the body of the opinion rendered in that cause it is said:

"But 'my house and lot' imports a particular house and lot, rendered certain by the description that it is one which belongs to me, and, upon the face of the instrument, is quite as definite as if it had been described as the house and lot in which I now live, which is undoubtedly good. Where the deed or will does not itself show that the grantor or devisor had more than one house and lot, it will not be presumed that he had more than one, so that there is no patent ambiguity, and if it be shown that he has more than one, it must be extrinsic proof, and the case will then be one of a latent ambiguity, which may be explained by similar proof."

In Hurley v. Brown, 98 Mass. 545, 96 Am. Dec. 671, it is held:

"In a written contract to convey real estate, the words used to describe the estate agreed to be conveyed are presumed to relate to estate owned at the time of the contract by the party agreeing to make the conveyance; and if the agreement is to convey 'a' house and lot of land on a certain street, and, in a suit in equity to compel specific performance thereof, it appears that

there are several lots of land, with houses, on that street, oral evidence is admissible to apply this description to a particular house and lot of land, so situated, and so owned."

And in the body of the opinion the court said:

"In a deed, the words of description are, of course, intended to relate to an estate owned by the grantor. And, in our opinion, this is also the presumption in construing a contract for a future conveyance. If the party who enters into the agreement in fact owns a parcel answering to the description, and only one such, that must be regarded as the one to which the description refers. With the aid of this presumption, the words 'a house and lot' on a street, where the party who uses the language owns only one estate are as definite and precise as the words 'my house and lot' would be; a description the sufficiency of which has been placed beyond all doubt by very numerous authorities. * * * In both cases the same extrinsic evidence must be resorted to, by the aid of which all uncertainty is removed. Where the words used are 'my estate' in a particular locality, oral evidence is necessary to show what estate the vendor did own. A latent ambiguity always exists where the party owns two parcels, to each of which the description used is equally applicable. In the present case the writing does not show that there is more than one house and lot on Amity street. This fact was disclosed by the oral evidence at the trial; and the familiar rule would seem to apply that parol evidence is admissible to explain and remove a latent ambiguity. If there had been only one house and lot on the street, there would have been no indefiniteness in the description. The supposed uncertainty having been created by parol, evidence of the same character may be resorted to for its removal. But, without relying much upon this consideration, we regard the fair construction of the words used to be that they relate to a house and lot owned, at the time the memorandum was signed, by the parties who subscribed it. Thus interpreted, they are sufficiently certain, and the oral evidence is needed only to apply the description. This must be done by extrinsic evidence in every contract or conveyance, however minutely the boundaries of the estate may be set forth. The maxim 'Id certum est quod certum reddi potest.' is the established rule of construction in suits for specific performance."

In Moore v. Kidder, 55 N. H. 488, the court said:

"A return by an officer that he has attached all the real estate owned by the defendant in the town of K. constitutes a valid attachment of all lands which come within that description, and it makes no difference that at the time of the attachment the defendant had conveyed away all his lands in the town of K. by a deed which had not then been recorded."

In Mead v. Parker, 115 Mass. 413, 15 Am. Rep. 110, construing a contract as follows:

"This is to certify that I, Jonas Parker, have sold to Franklin Mead a house on Church street for the sum of fifty-five hundred dollars," etc.

—the court said:

"It is not a question of the sufficiency of the writing under the statute of frauds, so much as it is of the right to resort to parol evidence in aid of the writing, where an ambiguity exists in respect to the property intended to be sold, or to which the contract relates. The most specific and precise description of the property intended requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties, and of their relation to each other and to the property, as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements is settled by the uniform current of authorities."

And in Slater v. Smith, 117 Mass. 96, it is said:

"A bill in equity was brought by husband and wife for the specific performance of a contract signed by the husband and the defendant, by which the defendant agreed to convey to the husband, 'my estates located as follows: Three houses in the town of R., as shown this day,' etc. The defendant demurred, setting up the statute of frauds. Held, that the contract though not signed by the wife, was a sufficient memorandum within the statute of frauds, and that the demurrer must be overruled."

The contract in question designates the property as located in the town of Foss, and being the same property heretofore inspected by the first party. Under the authorities above cited, we are of the opinion that the description is sufficient to enable the court to apply the description to the property, and to take the same without the statute of frauds.

This question being the sole question presented here by the plaintiff in error, and the one upon which he relies for reversal of this cause, and being of the opinion that his position is not well taken, the judgment of the lower court is affirmed.

By the Court: It is so ordered.