**MARTIN et al. v. WILEY.**

No. 12639—Opinion Filed May 12, 1925.

**1. Appeal and Error—Review of Law Action—Sufficiency of Evidence.**

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal, if there is any com-

petent evidence which reasonably tends to support the verdict of the jury.

## 2. Frauds, Statute of—Sufficiency of Telegrams to Effect Three Year Lease.

Record examined; held, that the telegrams exchanged between the parties were sufficient to constitute a valid, three-year lease on the property involved in this action.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by E. B. Wiley against L. T. Martin and Wm. M. Peck for damages for breach of contract to lease store building to plaintiff. Judgment for plaintiff, and defendants bring error. Affirmed.

P. Mounts, W. H. Hussey, and Herman S. Davis, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against L. T. Martin and Wm. M. Peck for damages on account of failure to deliver the possession of a store building by the latter to the plaintiff in accordance with a written contract between the parties to this action. The trial of the cause resulted in judgment in favor of the plaintiff and against each of the defendants. The defendants have appealed the cause, and assign the following errors for reversal here:

(1) That the verdict of the jury is contrary to the evidence.

(2) That the verdict of the jury is contrary to law.

(3) That telegrams exchanged between the plaintiff and L. T. Martin were insufficient to constitute a valid three-year lease in writing.

(4) L. T. Martin was without authority to act for Wm. M. Peck in leasing the property to the plaintiff.

The telegrams exchanged between E. B. Wiley, the plaintiff, and L. T. Martin, one of the defendants, in relation to leasing the store building to the plaintiff are as follows:

The first telegram read:

"Frederick, Okla.   1-14-1920.   To L. T. Martin, Lubbock, Tex.   Will you accept seventy-five per month for your lease on building on Tenth street.   Five year lease with rent clause to raise or lower with other buildings located in same block.   Man

here waiting.   Wire answer at once.   E. B. W."

The second telegram is in the following language:

"Lubbock, Tex. Jan. 16, 1920.   E. B. Wiley, Frederick, Okla.   Will rent three year lease one hundred per month.   Take building as it is.   We will fix roof in good shape.   Answers L. T. Martin."

The third telegram reads as follows:

"Frederick, Okla. Jan. 16, 1920.   To L. T. Martin, Lubbock Tex.   Your building accepted at one hundred per month for three years as per your wire.   Will expect immediate possession.   Will hold your wire as contract until you draw one and send to me.   Will return same signed with check as payment.   Notify me when I get possession.   E. B. Wiley."

The fourth telegram is in the following language:

"Lubbock, Tex. Jan. 17, 1920.   E. B. Wiley, Frederick, Okla.   Our offer you take building as it is and must give time for present tenant to vacate.   L. T. Martin."

The plaintiff addressed the telegrams to L. T. Martin at Lubbock, Tex.   Martin answered the telegrams in the plural number, which indicated joint ownership in the store building and joint makers of the contract. The telegrams were sent from the city of Frederick, and referred to the building as being located on Tenth street.   The court will take judicial notice of the fact that the city of Frederick is located in Tillman county.   The evidence did not disclose that the defendants owned another building on Tenth street, in the city of Frederick.   So far as this record is concerned, the defendants did not own any other building either on Tenth street, or in the city of Frederick.   The legal presumption is that the defendants did not intend to lease a stranger's property to the plaintiff, but did intend to lease the property and store building owned by them on Tenth street.   No uncertainty arises by the written terms of the telegrams as to which store building on Tenth street the parties had reference to.   The court will receive parol or extrinsic evidence to locate the building referred to on Tenth street, in the city of Frederick; that is to describe the lot on which the building is situated, and the block number.   No uncertainty arises in the course of receiving parol or extrinsic evidence to select the store building referred to in the writing, from the other buildings situated on Tenth street, for the reason the evidence shows that the defendants own but one building on the street.   It is not necessary to rely upon oral testi-

mony in this case, as to the store building which the defendants intended to lease to the plaintiff, for the reason that the written terms bind the defendants to lease a two-story, brick store building to the plaintiff, situated on Tenth street, and the evidence shows that this is the only building owned by the defendants on the street in question. The oral evidence necessary, in conjunction with the telegrams, to particularly describe the store building, goes no farther than to show the lot upon which the building is located, and the number of the block. A different question would be made here, if the defendants had owned two two-story store buildings on Tenth street. If the defendants had owned two similar buildings located on Tenth street, then it would have been necessary for the court to have relied on oral or extrinsic evidence to select the building.

The statute of frauds forbids the use of parol or extrinsic evidence to select a certain property from other like properties owned by the defendants. We are able to reach the conclusion in this case, by the written terms of the telegrams, that the defendants intended to lease the building in controversy for the reason, they owned no other building upon the street. The telegrams fixed the term of the lease at three years, for a rental of $100 per month. The conditions attached to the lease according to the telegrams were:

(1) That the lessee should take the building as it was, except that the defendants would repair the roof.

(2) That the lessee must give some time for the present tenant to vacate.

We doubt very much whether the last condition attaches to the lease, for the reason that Martin made a straightout offer of a three-year lease at $100 per month, subject only to the first condition named above. The plaintiff made an unqualified acceptance of the offer. The defendants prepared a formal lease for the signature of the plaintiff, which contained a provision authorizing the defendants to cancel the lease at any time. upon 60 days' notice. The plaintiff refused to sign the formal lease on account of the presence of the cancellation provision. The defendants refused to let the plaintiff into possession, unless he agreed that the defendants might cancel the lease at any time during the three-year period upon 60 days'

notice. The provision which the defendants undertook to write into the formal lease was contrary to the written contract created by the telegrams between the parties. The telegrams recited herein were sufficient to constitute a valid three-year lease between the parties, and were sufficient to meet the requirements of the statute of frauds. Edwards v. Phillips, 70 Okla. 9, 172 Pac. 949; Skinner v. Stone (Ark.) 222 S. W. 360, 11 A. L. R. 808; Hawkins v. Studdard, 132 Ga. 265, 63 S. E. 852, 131 A. S. R. 190; Danforth v. Chandler (Mass.) 103 N. E. 105.

Wm. M. Peck makes the point that the allegations contained in the petition and the proof were insufficient to establish that Martin was duly authorized to act for him in leasing the premises. The statute of frauds requires that the authority of the agent to represent the owner be in writing and subscribed by the party sought to be charged. The petition alleges that Martin was the duly authorized and acting agent for the defendant; this allegation was good against a general demurrer. Defendant Peck testified in the trial of the cause and stated that Martin was authorized to act for and represent him in leasing the premises, but he did not state whether the authority was oral or in writing. It will be presumed that he duly authorized Martin to act for him in the way and manner provided by statute. Defendant Peck placed his refusal to sign the lease upon the ground that the plaintiff would not accept the cancellation provision referred to herein. He did not place his refusal to sign the lease upon the ground that Martin was not duly authorized to represent him. Therefore, neither the petition nor the evidence shows that Martin was not duly authorized to act for and represent Peck in making the lease.

The verdict of the jury is supported by sufficient competent evidence, and the issues were fairly submitted to the jury.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C J. p. 853 854; 2 R. C. L. 194; 1 R. C. L. Supp. pp. 433, 434; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. pp. 79, 80. (2) 27 C. J. p. 260.