## EYSENBACH v. JACKSON.

No. 15548—Opinion Filed Oct. 13, 1925.

Rehearing Denied Nov. 17, 1925.

(Syllabus.)

1. **Appeal and Error—Review —Sufficiency of Evidence—Conclusiveness of Verdict.**

In an action at law, where it is shown by the record that no prejudicial error occurred at the trial and the cause was submitted to the jury under proper instructions of the court, the verdict of the jury will not be disturbed where there is any competent evidence reasonably tending to support the findings of the jury.

2. **Contracts — Action On — Third Party Properly Satisfied by Payment Not Necessary Party.**

Where, under a contract, a party is fully satisfied by payment, and such payment is made by a party having the right under a contract with a third party to engage the first party to perform certain work and make payment thereof, such first party is not a necessary party in the determination of litigation between the said second party and such third party, who authorized the second party to make a contract with such first party and pay for such work.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by F. B. Jackson, trustee, against O. K. Eysenbach. Judgment for plaintiff, and defendant brings error. Affirmed.

G. C. Spillers, for plaintiff in error.

E. M. Connor and W. A. Chase, for defendant in error.

LESTER, J. This case presents error from district court of Tulsa county. The parties will be referred to as they appeared in the trial court.

F. B. Jackson, trustee, alleged in his petition that he entered into a written contract with G. C. Stebins, E. A. Ross, James A. Robson, P. G. Walker, Jr., H. J. Serwinsky, O. K. Eysenbach, and F. B. Jackson & Sons, in which it was agreed that a well be drilled on a certain oil lease owned by the parties above listed. The instrument referred to as a contract is as follows:

"Tulsa, Oklahoma, April 11, 1919.

"We, the undersigned, directors of the Choctaw Portland Cement Company, realizing the possibilities of finding gas by drilling in the vicinity of Hartshorne, hereby subscribe and agree to pay their respective pro rata of the expense of drilling a well near the city of Hartshorne. Such payments are to be made to F. B. Jackson, trustee, from time to time, as the occasion requires to pay the bills necessary for drilling of this well up to 3,000 feet deep.

"Part of well

| | |
|---|---|
| "G. C. Stebins | 20 per cent. |
| "E. A. Ross | 10 per cent. |
| "O. K. Eysenbach | 20 per cent. |
| "James A. Robson | 15 per cent. |
| "P. G. Walker, Jr. | 10 per cent. |
| "H. J. Serwinsky | 10 per cent. |
| "F. B. Jackson & Sons | 10 per cent." |

It appears that after this contract was signed and executed, the said Jackson began acquiring leases; that he paid out certain large sums of money in acquiring the same and in drilling; that he devoted his own time to securing a large acreage for the purpose of drilling a well thereon; that he thereafterwards entered into a contract with F. B. Jackson & Sons for the purpose of drilling for oil or gas on the land that he had procured for such purpose. That after an attempt to drill one well, the same caved in and he caused the drilling machinery to be moved to another location and engaged in additional drilling.

It appears that all of the parties to the said contract, save and except the defendant, paid their proportionate part due on the said contract to the plaintiff, and that the defendant refused to pay the amount which the plaintiff claimed as a balance due him, by reason of certain moneys he had paid out on behalf of the subscribers to the said contract.

The plaintiff filed his petition in the district court of Tulsa county, in which he prayed judgment against the defendant for the sum of $4,608.56, together with interest thereon. The defendant filed an answer to the amended petition of plaintiff. A trial was had to a jury and a verdict was returned in favor of the plaintiff for the sum of $2,431.21. A motion for new trial was filed by the defendant, which was by the court overruled, and the defendant prosecutes this action to reverse the judgment of the district court.

From an examination of the contract entered into between the plaintiff and subscribers to the said contract, it is seen that the instrument is not specific as to many matters that would likely arise by reason

of the drilling venture, which the parties were desirous of undertaking, and as the plaintiff began to secure leases for drilling purposes and to expend moneys thereafter for various items in connection with. the said undertaking, ·the defendant and his associates paid to the plaintiff from time to time their share as set forth under the contract. And it appears from the record that they had extended to the plaintiff, without limitation, full authority to do everything that was necessary in connection with the drilling of said well. He procured leases; secured abstracts of title; paid attorney's fees, in connection with securing title thereto; he assembled the machinery and tools for the purpose of drilling said well. In fact, he had the full management of every detail, from securing the leases to the completion of a well thereon.

The defendant, as well as other parties to the contract, visited the point where the drilling was being done, and continued from time to time to pay to the plaintiff such sums of money as were necessary to carry on the project, until it appears that the parties to the said contract either refused or failed to furnish additional moneys, and the plaintiff ceased drilling when he had reached a depth of about 2,600 feet. All of the parties to said contract, save and except the defendant, paid to the plaintiff their proportionate part due on said contract.

It further appears that there is some evidence to the effect that when the full statement of the itemized account was presented to the defendant by the plaintiff, the defendant made no objection to the said items, but claimed that he was unable to meet his share of the same at that time. Further efforts were made to collect the amount due plaintiff from defendant, but these efforts failed.

It is urged by the defendant that the cause was not prosecuted in the name of the real parties in interest, and that Jackson & Sons should have been joined as parties plaintiff. It appears from the record that the plaintiff had fully satisfied Jackson & Sons for the amount due them for drilling. We do not think the court committed error in overruling defendant's demurrer to plaintiff's petition for that reason.

It is also urged by the defendant that the contract for drilling was made by the plaintiff with himself, and that the price was excessive, for the reason that the price for drilling said well should not have exceeded $1.50 per foot; whereas, the plaintiff made a contract and paid $3 per foot.

Evidence was introduced both on the part of the plaintiff and defendant· on this issue. The plaintiff in his suit asked for judgment for the sum of $4,608.56, and the jury e-turned a verdict for only $2,431.21.

Other items were in dispute, but as the jury returned the verdict for a sum much less than that asked by the plaintiff, it is but reasonable to suppose that they took all of these items into consideration, and rendered their verdict upon the theory that the same was supported by evidence and rejected such portion of the plaintiff's claim as was not supported by sufficient evidence.

We have examined the instructions of the court, and find that they fairly state the law applicable to the issues and facts in said cause.

From a careful examination of the record we find that no prejudicial error was committed by the trial court which affected the substantial right of the defendant. Judgment of the district court is therefore affirmed.

In this case the defendant, Eysenbach, gave a supersedeas bond in the sum of $6,-500 with W. G. Long and E. T. Tucker as sureties on the bond. A copy of said bond is attached to and made a part of the case-made. The defendant in error is entitled to judgment against the surety on the supersedeas bond. Therefore it is by the court considered ordered, adjudged, and decreed that the defendant in error, F. B. Jackson, trustee, do have and recover of and against W. G. Long and E. T. Tucker, the sum of $2,431.21, together with interest thereon from the 20th day of December, 1923, and the costs of this action and that this judgment be spread of record in the office of the court clerk of Tulsa county, Tulsa, Okla., and that execution be issued thereon against the judgment debtor herein.

NICHOLSON. C. J.. BRANSON, V. C. J., and HARRISON, MASON, PHELPS, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. pp. 851, 854, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 13 C. J. p. 702, § 805 (Anno).