## KELLEY v. McKAY et al.

No. 16952—Opinion Filed Oct. 19, 1926.

Rehearing Denied Dec. 14, 1926.

**1. Appeal and Error—Sufficiency of Evidence to Support Verdict.**

Where there is competent testimony reasonably tending to support the verdict, the judgment rendered thereon will not be reversed on appeal.

**2. Same—Verdict on Conflicting Evidence.**

Where the evidence is conflicting, the Su-

preme Court will not review the evidence for the purpose of determining the weight thereof, but where there is any competent testimony reasonably tending to support the verdict of the jury, and the case is submitted under proper instructions from the court, the verdict will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; John L. Norman, Judge.

Action by Thomas C. Kelley in replevin to recover certain oil well tools and appliances then in possession of Margaret C. McKay. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. L. Burke and Hughes, Foster & Ellinghausen, for plaintiff in error.

Walker & Lewis and Gaylord R. Wilcox, for defendants in error.

Opinion by RUTH, C. Plaintiff, Thomas C. Kelley, brought his action against Margaret C. McKay, individually, and as guardian of Francis McKay, a minor, seeking recovery of certain oil well drilling equipment and supplies located on the east 80 acres of what was known as the Brummett lease, the value of the equipment being listed at $2,439.60.

Defendants answered by general denial, except such allegations as are admitted, and admits the property was on the lease, and she had possession of same until the property was taken under the writ of replevin.

Defendants disclaim any interest in the following items replevied, to wit: One boiler; one 9x12 Warren steam engine, and approximately 500 feet of 2-inch line pipe, which was connected up and used as a water line, and further allege they had given plaintiff permission to remove such property from the premises prior to the institution of the suit.

Defendants further allege that, in a former action between the parties to this action, plaintiff brought his action for partition of the Anna Brummett lease, and upon judgment of partition being rendered, appraisers were appointed, and they returned their appraisement, and defendants elected to take the east 80 acres at the appraised value of $25,200, and plaintiff elected to take the west 80 acres at the appraised value of $12,400. That prior to the partition defendants owned an undivided five-sixths interest in the west 100 acres, and an undivided one-sixth interest in the east 60 acres, and by reason of the difference in interests,

there was due the plaintiff $12,666.33, which defendants paid to plaintiff in January, 1923. The various interests were conveyed by sheriff's deed, and defendants allege such sheriff's deed conveyed to them not only the interest in the leasehold, but also all "equipment, machinery, material, and supplies thereon situate, except such as are disclaimed in the answer;" that all the property was such as is commonly used in the development of lands for oil and gas production, and that plaintiff, nor any one for him, claimed any interest in the property replevied, prior to the receipt of the $12,666.33, by plaintiff from defendants, and had they known plaintiff claimed the property replevied, they would not have accepted the report of the appraisers and paid the said sum to plaintiff; that defendants were not present, and had no notice of the time the appraisement was to be made, and did not know the details thereof, and defendants claim ownership of the property.

The cause was tried to a jury, and a verdict returned for defendants and judgment entered for the return of certain property, or in lieu thereof, that the defendants have judgment for its value, which it was agreed in open court aggregated $1,751.75.

Plaintiff moved for judgment non obstante veredicto and filed his motion for a new trial, and upon the court overruling the several motions plaintiff regularly perfected his appeal to this court upon petition in error and case-made.

The only proposition presented and argued in plaintiff's brief is:

"There was no evidence on the part of the defendants, when considered in connection with the admitted facts, reasonably tending to support the verdict of the jury considering the evidence and admitted facts in connection with each item of property separately and severally."

The record discloses John McKay was the husband of Margaret McKay, and John McKay and Thomas C. Kelley as far back as 1910 owned the Brummett lease, McKay owning a two-thirds interest in the 160 acres. After John McKay's death, Margaret McKay sold certain of her interests to a Mr. Kiskaddon upon consideration of Kiskaddon drilling certain wells.

The interest remaining to defendants was a one-sixth interest in the 60 acres, and a two-thirds interest in the remaining 100 acres. Kelley retained his one-third interest, and Kiskaddon drilled four wells, the expense of drilling the wells being charged to the different parties according to their interests.

In April, 1920, plaintiff acquired the Kiskaddon interests, and immediately assumed control and management of the leasehold estate. Plaintiff, after assuming full control, pulled 1,800 ft. of casing from well No. 3, and afterwards sold 1,600 feet to the Texas Company, giving defendants credit for their pro rata interest, thus recognizing and admitting this was partnership property.

As to the other items in dispute, the evidence discloses some were ordered by plaintiff and billed to "Kelley & McKay," and other items claimed by Kelley had been on the lease and used for more than five years by Kelley & McKay, prior to the filing of the action for partition, according to the testimony of the "pumpers" employed on the lease, and in 1920, when plaintiff wrote defendant advising the drilling of another well on the lease, he used the following language to Mrs. McKay:

"We have all the casing necessary for the well, and also the derrick to drill the well with," etc.

As he was addressing Mrs. McKay, his partner in the enterprise, by the use of the pronoun "we," he could only have meant Kelley & McKay had the casing, etc.

It is further disclosed by the record that, when the court appointed the commissioners in the partition suit in 1922 to appraise the property of Kelley & McKay, it used the following language in its order of appointment:

"It is further agreed and understood that in making the appraisement of said property, that all personal property including fixtures both attached to the leasehold and on the premises that are used in the operation of the lease and belonging to the parties jointly, are to be included as part of the property in fixing the value thereon, whether the value be fixed on the property as a whole or divided into units and the value placed upon the units."

The commissioner's report discloses that one portion of the leasehold, including "all other things and tools now used on said lease," was of the value of $25,000, and another portion of the leasehold, including "all equipment on the land and used in operation of the said lease," to be of the value of $12,000, and the parties made their election, and defendants paid their money to plaintiff as hereinbefore set forth.

At the trial of this cause it was stipulated that "all property belonging to the partnership had been partitioned and divided," and the court instructed the jury as follows:

"You are therefore instructed that none of the property involved in this action passed to the defendants by virtue of said partition proceeding unless the same was at the time being used in the operation of said lease," etc.

There was competent evidence reasonably tending to support the verdict and judgment, and the same will not be reversed on appeal. Harrison v. Cummings, 107 Okla. 98, 230 Pac. 702; Pioneer Mtg. Co. v. Ragsdale, 107 Okla. 82, 231 Pac. 1118; Nowlan v. Harner Oil Co., 118 Okla. 96, 246 Pac. 842.

"In an action at law the verdict of the jury on questions of fact is conclusive where there is any competent evidence reasonably tending to support the same." Martin v. Wiley, 110 Okla. 91, 236 Pac. 397; Sigmon v. Rorabaugh-Brown Dry Goods Co., 110 Okla. 17, 235 Pac. 921; Richards v. Rifenbery, 108 Okla. 56, 233 Pac. 692.

It is true the evidence, as to whether the property located upon that portion of the leasehold selected by defendants was being used, was conflicting, but this court will not weigh conflicting evidence to determine the weight of such evidence. Packard Motor Co. v. Funk, 117 Okla. 96, 245 Pac. 571; Canadian Valley Bank v. Cook, 118 Okla. 158, 247 Pac. 370; Federal Nat. Bank v. Wilhelm, 118 Okla. 23, 246 Pac. 478.

The instructions given have been reviewed by the court and found to correctly state the law applicable to the facts in the instant case, and—

"When the evidence is conflicting but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from error, the Supreme Court will not reverse the judgment on appeal." Board v. State ex rel., 118 Okla. 10, 242 Pac. 522; Finch v. Devanney, 113 Okla. 147, 240 Pac. 79; Eysenback v. Jackson, 113 Okla. 166, 241 Pac. 149; Hodges v. Stahl, 113 Okla. 192, 240 Pac. 621.

No error appearing in the record, the judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, §2834 (2) 4 C. J. p. 858, §2836. See under (1, 2) 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.