## ST. LOUIS-S. F. RY. CO. v. HOLT, Adm'x.

No. 20306.  Opinion Filed Jan. 19, 1932.

Rehearing Denied March 29, 1932.

Cruce & Franklin and Robinson & Oden, for plaintiff in error.

O. A. Cargill and Whiteside & Snodgrass, for defendant in error.

CULLISON, J.  This is an action in damages under the Federal Employers' Liability Act (Act of April 22, 1908, 35 Stat. at Large, 65, chap. 149, Comp. Stat. 1913, sec. 8657) to recover for the death of J. A. Holt.

Plaintiff alleged in part in her petition:

"* * * That on or about the 29th day of June, 1927, the said J. A. Holt was employed as aforesaid in the capacity of brakeman on one of the defendant's freight trains being operated by the defendant between the points of Oklahoma City, Okla., and Quanah, Tex., and through Jackson county, Okla.; that the defendant railway company, on said date had in its employ one Chilton Carl, who was acting in the capacity of conductor on said freight train; that about the hour of eight-thirty (8:30) o'clock in the evening of said date and shortly after dark, the said J. A. Holt, in the performance of his duties upon said freight train, was on the defendant railway company's tracks in the south part of Altus, Okla., and was removing a wedge from under the wheels of two railway cars which had been previously spotted by the engineer operating said train; that it was on said date, and had been for a long time prior thereto, the custom in the railway business and was the duty of the brakeman who was managing the placing of said cars, to give a signal to the engineer operating said train that the track was clear in order that the engineer might switch other cars on said track, but that the said conductor in violation of his duties as such conductor and contrary to the established custom in the railway business, negligently and carelessly gave a back-up signal to the said engineer, and thereupon the said engineer, relying upon said signal and believing that the brakeman, who had charge of the spotting and placing of said cars, had given said signal, and that the said track was clear and the said Holt in a position of safety, backed a locomotive down said track at a considerable rate of speed and ran said cars and locomotive upon and over the said J. A. Holt, thereby inflicting said injuries upon

the said J. A. Holt of which he shortly afterwards died; that the said J. A. Holt was at all times engaged in the performance of his duties as said brakeman and at all times exercised due care for his own safety, and that his death was caused by the negligence and carelessness of the said railway company, its agent and servant, Chilton Carl, in the manner and form as above set forth. * * *"

Defendant answered by general denial and also pleaded, as defenses, contributory negligence and assumption of risk on the part of the deceased. Plaintiff replied by way of denial. The case was tried to a jury and resulted in a verdict in favor of plaintiff.

Defendant appeals to this court and alleges as error that the verdict of the jury is not supported by sufficient evidence.

The decision on this appeal requires consideration of the act of Congress known as the Federal Employers' Liability Act. Under said act, Congress took possession of the field of liability of carriers by railway for injuries sustained by their employees while engaged in interstate commerce and superseded state laws upon said subject.

The act being an enactment of Congress, the interpretation and construction of the act, and the decisions of cases arising thereunder should follow the decisions of the United States Supreme Court, as held by that court in the recent case of G., C. & S. F. Ry. Co. v. Moser, 72 L. Ed. 200 (p. 202):

"The interpretation approved by us has become an integral part of the statute. It should be accepted and followed."

The evidence discloses that the deceased received injuries in the railroad yards of defendant at Altus, Okla., from which injuries he died. The only witness testifying in regard to the accident and the cause of the death of deceased was Floyd Shakelford, who was a brakeman on the train with deceased at the time of the accident. The evidence shows that on the day of the accident, the train arrived in Altus and placed two cars on one of the tracks in the yards close to the crossing on said track. There was somewhat of a downward slope in the tracks at that point, and the deceased placed a wooden wedge or block under the wheel of the car to hold the same at the place stopped, instead of setting the brakes on the cars.

It was time for the crew to receive their eight hour rest, and after returning to work after said rest, they began additional switching. There were four cars attached to the engine when the conductor instructed the deceased to go over to the two cars previously placed, to open the knuckles on the cars, and flag the crossing. The engine and four cars were run up to the switch. Two of the cars were switched back onto the switch on which the two cars had been left. The conductor rode these two cars in on the switch, carrying his lantern. The other two cars attached to the engine were pushed back onto another track, and then the engine entered the switch on which the first two cars had been placed and moved down against the cars.

At this time the witness discovered the body of the deceased on the railroad track near the crossing. Apparently the cars had passed over his body, from which injuries he died shortly thereafter. There was no eye-witness of the accident so far as the testimony shows. But the circumstances show that the deceased had been directed by the conductor of said train to go to the two cars, remove the block under the wheel, open the knuckles on the car, and flag the crossing.

The lantern of the deceased was found at the place where the block was under the wheel of the car and said lantern had been run over by the car and mashed. The block placed under the wheel had been run over by the car which indicated that the car was hit by the other cars switched onto said side-track before the deceased was able to remove said block. The body of the deceased was dragged by the car some 24 feet from the place where the lantern was found and was badly mangled. All the facts and circumstances as shown by the evidence would indicate that the deceased received the injury resulting in his death, by being run over by the car on which he was working. The evidence further shows that Floyd Shakelford, one of the brakemen on said train, cut loose the cars that were switched down onto the said side-track where the deceased was employed without receiving any signal from the deceased that he, the deceased, was ready for said cars to be switched onto the said side-track. This was in violation of a custom pleaded and proved by plaintiff in said cause, and was the cause of the accident. Considering the evidence as outlined, we hold it sufficient to sustain the verdict of the jury.

Defendant further contends that no duty rested upon the defendant to keep a lookout for the deceased, and that it affirmatively appears that in any event the death of the deceased was the result of an assumed risk.

We are aware that it is not the duty of a railroad company to maintain an outlook for all employees engaged in its yards or

along its tracks, but that said employees are presumed to look out for themselves in regard to all of the ordinary risks and liabilities connected with their occupation. Furthermore, the employees of a railroad company assume the ordinary risks incident to their employment and those risks brought about by inferior equipment after they have learned of said inferiority and continue. to operate or work with said equipment, but in the case at bar the circumstances causing or producing the accident or injury of the deceased were not such circumstances as to come within the assumption of risk doctrine.

The deceased relied upon the custom that he should signal for the cars to be backed in against the cars on which he was working before any cars were backed in onto said switch, and since the cars were backed in on the switch and against the cars on which deceased was working without any signal from the deceased, the defendant was negligent in so doing. Since the defendant was negligent in its acts in operating its equipment, this brings said cause within the provisions of section 1 of the Federal Employers' Liability Act, and since the risk was not one of the ordinary risks to which the employee of a railroad is subject, said employee did not assume the risk.

The defendant further contends that the court erred in instructing the jury. The only instruction set out in the defendant's brief, the giving of which is urged as error, is instruction No. 4. After examining said instruction and all of the instructions given to the jury for their consideration in said cause, we hold that the giving of said instruction No. 4 does not constitute reversible error. This case was tried to a jury and the jury returned a verdict in favor of the plaintiff.

This court has often held that where a cause is tried to a jury and the jury has rendered their findings thereon, the decision of the jury will not be reversed by this court where there is competent evidence to support the verdict of said jury. as held in the case of Kelley v. McKay, 120 Okla. 215, 251 P. 82;

"Where there is competent testimony reasonably tending to support the verdict, the judgment rendered thereon will not be reversed on appeal."

After a careful consideration of the record and authorities stated in said cause, we hold that no reversible error was committed by the trial court, and that the decision of the trial court should be affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, AN-DREWS, McNEILL, and KORNEGAY, JJ., concur.