### George Hocum *vs.* Peter Weitherick & others.

#### August 24, 1875.

Appeal—When Record must Contain all the Evidence.—When the issues of fact are submitted to the jury, no question being made, at the time, of the insufficiency of the evidence to warrant such submission, this court will not disturb the verdict, on the ground of the want of evidence to support it, when the record fails to disclose the whole of the evidence given on the trial. Such question cannot be considered by the appellate court unless it affirmatively appear that all the evidence is before it.

Trial—Requests for Instructions—How to be Framed.—It is incumbent on a party seeking an instruction from the court on a proposition of law to put

it in such clear, precise and intelligible form as to leave no reasonable ground for misapprehension by the jury as to its correct meaning; and it is not error in the court to refuse a request violative of this rule. Where, in a civil action, the instruction asked leaves it uncertain whether, in determining the existence of an alleged fact, the jury is required to act upon a mental conviction, to the exclusion of a doubt, or a belief produced and satisfied by a preponderance of evidence, a refusal to give it is not error.

**Contributory Negligence—Matter of Defence.**—Contributory negligence is defensive matter, not required to be negatived in the complaint, or disproved by the plaintiff, to make out a *prima facie* case. The *onus* of proving it rests upon the defendant. If, however, it appear from the plaintiff's evidence, it will defeat a recovery.

**Trial—Refusal to Repeat Instruction already Given.**—When a proposition has been substantially covered and given by the charge of the court, a refusal to repeat it in different language is not error.

**Same—Request Assuming a Fact in Issue.**—It is not error to refuse a request which assumes, as proved, a controverted fact properly belonging to the jury to determine.

Appeal by defendants from an order of the district court for Carver county, *Hanscome*, J., presiding, (sitting for the judge of the eighth district,) refusing a new trial after verdict for plaintiff.

*R. A. Irwin*, for appellants.

*Frank Warner* and *H. J. Peck*, for respondent.

CORNELL, J. The injuries sustained by plaintiff, to recover damages for which this action is brought, resulted from his being caught upon the uncovered knuckle and tumbling-rod of a threshing machine owned by defendants, and then being operated by them in threshing wheat upon plaintiff's farm in Carver county. Whether these injuries were caused by the culpable negligence of defendants, in operating their machine in an unlawful manner, or were partly the result of some act or acts of plaintiff, amounting to contributory negligence on his part, was the principal question raised by the pleadings and litigated on the trial.

The paper-book discloses some evidence bearing upon each of these questions, but does not purport to contain all the testimony given on the trial, or relating to either of these branches of the case. No motion was made to take the

case from the jury, but upon the close of the testimony the whole case was submitted to the jury, without objection, under the charge of the court. Under these circumstances this court is precluded from setting aside the verdict on the ground of the insufficiency of the evidence to support it in reference to either of these questions. So, too, as to the point particularly urged by the defendants on the argument, that it affirmatively appeared, from the plaintiff's own testimony, that the accident was the result of his own voluntary, careless act in coming into contact with the knuckle and tumbling-rod, plainly exposed to view, and against which it is claimed he was fully warned. Conceding this to be the fair purport of the testimony returned, it does not appear but that it was materially modified by other testimony given and not returned, or was corrected or explained by the witnesses who gave it. The presumption is that it was.

The only questions remaining for consideration are such as grow out of the refusal of the court to give certain instructions to the jury, requested by the defendants. It appears that, at defendants' request, the court charged the jury as follows:

1. That the plaintiff in this action cannot recover for the injury complained of if, by his own negligence or carelessness, he in any degree contributed to the happening of such injury.

2. If the plaintiff, with ordinary care, might have avoided the injury, he is the author of his own injury, and cannot recover.

3. That the fact that the defendants in this action were, at the time of the happening of the injury complained of, running their threshing machine without having the tumbling-rod and knuckles thereof covered, as prescribed by law, does not preclude the defendants from the defence that the plaintiff, by his own want of ordinary care, contributed to the happening of such injury.

These instructions are clearly stated, and not likely to

mislead a jury as to their meaning, to defendants' prejudice, and certainly were as favorable to them, upon the matters to which they related, as the law would warrant.

The defendants also submitted to the court six additional requests, which were refused and properly excepted to. In neither of these refusals is there any such error, prejudicial to the defendants, as will warrant a new trial. The only one occasioning any doubt is the first, and upon this defendants' counsel seem to lay no stress, either in their printed or oral argument. The proposition asked and denied is as follows : " That if the evidence in the case does not convince the jury as to whether or not the injury complained of resulted to the plaintiff, in whole or in part, from his, plaintiff's, fault or negligence, then the jury should find for the defendants."

When a party seeks an instruction upon a proposition of law which he deems applicable to the case, it is incumbent on him to put it in such clear, precise and intelligible form as to leave no reasonable ground for misapprehension on the part of the jury, whose habits of thought and opportunities on the trial are not ordinarily such as enable them readily to detect the correct meaning of a legal proposition at all obscurely or ambiguously expressed ; and it is not error in the court to refuse a request violative of this rule. Such, it seems to us, is the character of the instruction in question asked for in this case. In the other requests of counsel, the words employed as expressive of the degree of belief required of the jury as to the facts therein referred to are " satisfaction " and " satisfied," instead of " convince," as in this request. In view of this the jury might well be led into the error of supposing that a conviction of the existence of the alleged fact, to the exclusion of a doubt, was required of them in this instance, instead of a belief which rests satisfied upon a preponderance of evidence.

But the request was properly refused on another ground. It rests upon the legal proposition that the burden of proof

was upon the plaintiff to show affirmatively that he was free from any contributory negligence on his part, and that hence the benefit of any doubt on this question must be given to the defendants. There is no little conflict of authority upon this subject in the opinions and decisions of the different courts, as will be seen by reference to the cases cited by Shearman & Redfield on Negligence, §§ 43, 44, and note, and by Wharton, §§ 423–426, and notes ; but the better and more logical rule, it seems to us, regards matter of this character as strictly defensive, the *onus* of proving which rests upon the defendant; and though it may be proved under a general denial in the answer, (*St. Anthony Falls W. P. Co.* v. *Eastman*, 20 Minn. 277, 307,) and will, undoubtedly, if it appear from the plaintiff's evidence, defeat a recovery, yet it is because it negatives the affirmative fact, which plaintiff must establish to make out his case, that the sole proximate cause of the alleged injury is the culpable negligence of the defendant. But when the negligent act of defendant, and the injury, the sufficiency of the former to produce the latter, and their relation to each other as proximate cause and effect, are the sole facts averred and admitted by the pleadings, or proved on the trial, a *prima facie* case is established. To require the plaintiff, in addition, to negative a possible defence by an averment in the complaint of his freedom from negligence would be to disregard a well-settled, elementary rule of pleading. If not necessary to be pleaded, it logically follows that it need not be proved.

The second request refused was objectionable upon the same ground. It required it to appear, to the satisfaction of the jury, that plaintiff was exercising due care—that is to say, he must prove this, as part of his case, to enable him to recover.

The propositions contained in the third and fourth requests refused were substantially covered and given by the first and second instructions of the court, and a refusal

to repeat them in different language was not error. *Holbrook* v. *Utica & S. R. Co.*, 12 N. Y. 237.

The fifth and sixth requests each assumed, as proved and established, a fact belonging to the jury to determine; the former, the alleged fact that plaintiff's injury was the result of his own *voluntary act* in putting himself in contact with the tumbling-rod and knuckle; in other words, it takes as granted, not only that he went up in the vicinity of the rod voluntarily, (as was perhaps true,) but that he *voluntarily* or *intentionally* ran *against* it; and the latter, the fact that plaintiff coöperated with defendants in running the machine with rod and knuckles unboxed. Besides, this court is not in a position to say whether the assumed facts referred to in these requests are "undisputed" or not, because it does not appear that all the evidence is before us.

Order affirmed.