### HANNAH SULLIVAN *vs.* CORNELIUS O'LEARY.

Suffolk.   January 16, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Evidence — Cross-examination — Slander.*

A party sued for slander, who denies the charge, cannot be asked on cross-examination if he had not slandered another person two or three years before.

TORT for slander in publicly accusing the plaintiff of being a prostitute.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff was permitted, on cross-examination, to ask the defendant, who had denied that he uttered the words complained of, if another besides the plaintiff had not made complaints against him for abusive language, if two or three years before one McCann had not sued him for foul language about his wife, and if he had not paid McCann fifty dollars to settle that suit, to all of which the defendant replied in the affirmative.

The jury returned a verdict for the plaintiff for $642.24; and the defendant alleged exceptions.

*I. R. Clark*, for the defendant.

*T. J. Gargan*, for the plaintiff.

KNOWLTON, J. Upon the question whether the defendant had uttered slanderous words in relation to the plaintiff, evidence was permitted to be introduced tending to show that he had slandered another person two or three years before. This was contrary to the well established rule of the common law, that one cannot be proved to be guilty of an offence for which he is on trial by showing that at another time he committed a similar offence. *Jordan* v. *Osgood*, 109 Mass. 457. *Commonwealth* v. *Jackson*, 132 Mass. 16. If the testimony be considered in reference to contradiction of the defendant, it comes within the same rule, for it had no tendency to disprove his denial of the charge in the present case.

The discretion exercised in regard to cross-examination should not ordinarily go so far as to permit the introduction of evidence which has no legitimate relation to any of the issues on trial, and which is at the same time of such a character as to be likely to be applied to them by the jury, and improperly to affect the verdict. *Smith* v. *Castles*, 1 Gray, 108. *Holbrook* v. *Dow*, 12 Gray, 357. The evidence excepted to in this case may have led the jury to believe that the defendant was accustomed to slander people, and that he probably slandered the plaintiff. *Exceptions sustained.*