GEORGE GRACZ v. ANDREW P. ANDERSON.[1]

June 19, 1908.

Nos. 15,745—(127).

**Amendment of Complaint.**

The refusal to permit plaintiff at the conclusion of the trial to amend his complaint by inserting therein additional grounds of negligence and to make it conform to the evidence in the case *held* not an abuse of discretion.

**Cross-Examination.**

Plaintiff, during the trial of the action and on the cross-examination of defendant when on the stand as a witness, sought to bring out the fact that he carried indemnity insurance and the extent to which he was thereby protected from liability in case of an adverse verdict, and the court excluded the questions put to the witness for that purpose. *Held*, applying the rule that the extent to which a witness may be cross-examined for the purpose of testing his credibility is within the discretion of the trial court, not reversible error.

**Same.**

The cross-examination of a witness upon collateral matters, where the only effect will be to prejudice unconsciously the minds of the jury, should not be permitted.

**Requested Instructions.**

Certain special requests for instructions to the jury *held* rightly rejected by the trial court for the reason that they were not, as required by section 4174, R. L. 1905, seasonably handed to the court.

**Assignments of Error.**

Certain assignments of error *held* to present no reversible error, and that the evidence sustains the verdict of the jury.

Action in the district court for Hennepin county to recover $10,000 for personal injuries. The case was tried before John Day Smith, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*H. E. Fryberger*, for appellant.

*Morton Barrows*, for respondent.

[1] Reported in 116 N. W. 1116.

BROWN, J.

Action to recover for personal injuries, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial. The injuries complained of were received by plaintiff while in the employ of defendant at his stone quarry, and by reason of the slipping from their fastenings of certain grappling hooks which had been attached to a large stone to be raised and moved by means of a derrick. The hooks were attached to the sides of the stone, and by reason of the insufficiency of the holes prepared to hold them in place slipped therefrom as the stone was raised from the ground, causing the hooks to swing violently toward, and to strike and severely injure, plaintiff.

1. The complaint sets up fully the negligence upon which plaintiff relied for recovery, consisting in the main of alleged carelessness in the manner and method in which defendant caused and permitted the work in which plaintiff was engaged to be performed, the failure to instruct him of the dangers and risks incident thereto, the failure to employ sufficient help safely to do the work, and the failure to provide plaintiff a safe place in which to perform his duties, and in other respects pointed out in the pleading. It contained no allegations of negligence in respect to the failure to promulgate and establish rules for the conduct of, or the failure to instruct workmen in respect to the proper manner of doing, certain parts of the work, or for the failure of defendant to inspect, or cause to be inspected, this particular stone before raising it, for the purpose of determining whether the holes made therein for the hooks were sufficient for the purpose. But the absence of rules for the conduct of the work about the quarry, the failure to instruct workmen in respect to the depth and size of holes made for the hooks, and the failure to inspect the particular stone before attempting to raise it, were disclosed on the examination of some of the witnesses; and at the conclusion of the trial, and after both parties had rested, plaintiff moved the court for leave to amend his complaint by inserting therein allegations of negligence in these respects and to make the complaint conform to the proof. The motion was denied and plaintiff assigns the ruling as error. Subsequent to the denial of this motion the court, on defendant's motion, struck out the cross-examination of certain of defendant's witnesses, which, it

is claimed, tended to show negligence along this line, and of this ruling plaintiff also complains.

We discover no reversible error in either of these rulings. Whether an application to amend a pleading to make it conform to facts proven on the trial should, or should not, be granted, rests ordinarily in the sound discretion of the trial court. Each party has the undoubted right to confine his adversary to the issues made by the pleadings, and unless they voluntarily depart therefrom and litigate issues not so presented, neither party can, as a matter of right, amend his pleadings by raising new questions. Where issues not made by the pleadings are litigated by consent, express or implied, an amendment should be ordered as a matter of course, but when not voluntarily litigated, the matter rests in the discretion of the court. Dunnell, Pl. §§ 714, 715. In the case at bar the record shows no intentional or voluntary departure from the issues made by the pleadings. The evidence drawn out by defendant's counsel in reference to rules, inspection, and instructions as to the manner of doing the work was evidently for the sole purpose of developing the defense, proper under the answer, that plaintiff's injuries were the result of the negligence of a fellow servant, for which defendant would not be liable; and there was clearly no abuse of discretion on the part of the trial court in excluding the subject from the consideration of the jury, as a substantive ground of recovery by plaintiff. Byard v. Palace Clothing House Co., 85 Minn. 363, 88 N. W. 998; Pierce v. Brennan, 88 Minn. 50, 92 N. W. 507; Iverson v. Dubay, 39 Minn. 325, 40 N. W. 159. The proposed amendment changed and enlarged the basis of plaintiff's cause of action, and was properly disallowed. Minneapolis Stock-Yards & Packing Co. v. Cunningham, 59 Minn. 325, 61 N. W. 329; Byard v. Palace Clothing House Co., supra.

2. Defendant was called as a witness on his own behalf, and plaintiff's counsel sought on his cross-examination to show the extent of his financial interest in the action and was prevented from continuing the subject by the rulings of the court. We take it from appellant's brief and oral argument that his purpose was to show that defendant carried indemnity insurance, and the extent to which his policy protected him in case of a recovery by plaintiff. We discover no reversible error in the ruling of the court on this subject.

The extent to which a witness may be cross-examined in reference to his credibility or interest in the result of the action is discretionary with the court. Dunnell, Pr. §·770; Gardner v. Kellogg, 23 Minn. 463; Malone v. Stephenson, 94 Minn. 222, 102 N. W. 372. Defendant in the case at bar, as a party to the action, was as a matter of course interested in the result, and it is a little difficult to understand just how his protective insurance, or the extent thereof, would affect his credibility as a witness. But, that aside, the question of indemnity insurance was wholly and entirely collateral to the issues made by the pleadings, and the fact, if brought out, would have tended only to prejudice the minds of the jury in favor of plaintiff's recovery. It has been held that the fact of insurance in cases of this kind is proper to be shown at the opening of the trial to enable the parties intelligently to select the jury. Spoonick v. Backus-Brooks Co., 89 Minn. 354, 94 N. W. 1079; Antletz v. Smith, 97 Minn. 217, 106 N. W. 517. But it certainly cannot be said to be an abuse of discretion for the trial court to exclude the matter when first suggested during trial, when the only real or substantial effect can be to prejudice unconsciously the minds of the jury; and we therefore hold that the discretion vested in the trial court on this subject fully justified the restriction of the cross-examination and the exclusion of the fact sought to be developed thereby. Dunnell, Pr. § 771; Blakeman v. Blakeman, 31 Minn. 396, 18 N. W. 103; Gardner v. Kellogg, 23 Minn. 463; Sullivan v. O'Leary, 146 Mass. 322, 15 N. E. 775.

3. Numerous assignments of error challenge the correctness of the charge of the court to the jury. We have fully considered all of them, and find no reversible error. As we read the charge, taken as a whole, all the issues presented by the pleadings were fairly submitted to the jury, and we discover therein no ground for complaint on the score of partiality. Counsel complains because the court read to the jury in its instructions a portion of the testimony given by the plaintiff, and he contends that it was error not to read other·portions, which he insists were in the record and material and pertinent to the same subject. There was no error in this respect of which plaintiff can complain. If the jury had returned a verdict for plaintiff, the act of the court in singling out the testimony of this witness, the plaintiff in the action, and reading it to the jury, would probably have been revers-

ible error. State v. Yates, 99 Minn. 461, 109 N. W. 1070; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763. To have complied with the request of plaintiff to read further from the testimony given by him would only have aggravated the error already committed in his favor. This he could not well insist upon, and manifestly is in no position to complain of the refusal of the court to proceed further in reading from the record. In any event, the refusal of the court was not reversible error; for, when attention was called to the fact that a material portion of the testimony of the witness was claimed to have been omitted, the jury was expressly directed to consider all the evidence pertinent to the question made the subject-matter of the charge referred to. We do not concur in the claim of appellant that the purpose of the court in reading the evidence was to impress upon their minds that it failed to establish any particular fact or issue. The court fairly left the jury free to determine the disputed question from all the evidence in the case.

4. It is also contended that there was reversible error in the refusal of the court to give to the jury plaintiff's special requests for instructions. The record does not affirmatively disclose error in this respect. The requests for instructions, twenty in number, according to the only statement in the record on the subject, the memorandum of the trial court, were not handed to the court in compliance with the statute, and were rightly rejected. The statute bearing upon the question (section 4174, R. L. 1905) provides that special requests shall be handed to the court before the commencement of the arguments to the jury, and that the court shall consider and mark them "given" or "refused," as the case may be, for the convenience of counsel in discussing the case to the jury. This course was not pursued, and the court was not required to consider them.

5. The other assignments of error do not require special mention. None of them present reversible error. The remark of the court made the basis of assignment No. 44 did not reach the ears of the jury, as the record conclusively shows, and therefore needs no comment. The verdict of the jury was justified by the evidence, and a new trial was properly denied.

Order affirmed.