### RICHARDS v. RIFENBERY.

No. 12245—Opinion Filed Dec. 18, 1923.

Rehearing Denied March 3, 1925.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Verdict—Conclusiveness.**

In a civil action, triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

2. **Negligence—Operation of Automobile in Street—Jury Question.**

Where an emergency arises which makes it necessary for R., who is driving on the right-hand side of the street, to swerve to the left, held, he in so doing is required to exercise only reasonable care for the safety of others using the street, and the question of whether or not he used such care is one of fact for the determination of the jury.

3. **Same—Nonliability—Sufficiency of Evidence.**

Record examined, and held, the evidence reasonably tends to support the verdict of the jury finding for the defendant.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Maggie Richards against J. C. Rifenbery. From judgment in favor of defendant, plaintiff brings error. Affirmed.

Leahy & Brewster, for plaintiff in error.

Ezra Brainerd, Jr., and Chas. P. Gotwals, for defendant in error.

MASON, J. This is an action for personal injury appealed from the superior court of Muskogee county, Okla., and the parties will be designated as plaintiff and defendant, as they were in the court below.

In the latter part of June, 1919, plaintiff was driving north on the east side of 12th street in the city of Muskogee in a taxi, and when she reached the street car track on Broadway, which runs east and west, the taxi suddenly stopped about the middle of the track which is north of the center of the street, which is about 32 feet wide. Defendant was driving west on the north side of Broadway at a rate of speed of 12 or 14 miles an hour, and when he reached a point near the intersection of Broadway and 12th street, a car coming from behind him at a rate of speed of 25 or 30 miles an hour passed between the taxi and the defendant's car and turned north on 12th street. Said car passed two or three feet in front of defendant's car, and in order to keep from hitting this car defendant released the clutch, applied the brakes and swerved to the left, and before he could bring his car to a standstill he struck the taxi in which the plaintiff was an occupant and injured plaintiff's arm. Defendant did not see the taxi until he was within 15 feet of the corner, did not know it was standing still, and, at the time he swerved to the left, the taxi was 12 or 14 feet from him, and when the collision came he was driving two or three miles an hour. Defendant was within about 15 feet of the corner when the taxi stopped.

Defendant took plaintiff to the hospital in his car, went after her husband and brother, and exercised himself to make whatever con-

tribution he could toward her care and comfort.

The issues were submitted to a jury, which returned a verdict in favor of defendant, and plaintiff's motion for new trial having been overruled, she has appealed. The only errors of which plaintiff complains in her brief are as follows: (1) That the verdict is not sustained by the evidence; and (2), that the court erred in giving instruction No. 3 to the jury.

We have carefully examined all the evidence in the case, and we are of the opinion that the evidence in the case reasonably supports the verdict of the jury, and therefore, under the well-established rule of this court, the same will not be disturbed on appeal.

The instruction complained of is as follows:

"You are further instructed that while section 27 of ordinance No. 1152 of the city of Muskogee provides that the driver of a vehicle on any street in the city of Muskogee shall operate such vehicle on the portion of the roadway to the right of the center thereof except where the right side of the roadway is in such condition as to be impassable or unsafe, yet if you further believe from the evidence that the defendant on the date in question was operating his car on the right-hand side of the street, and that in order to avoid a collision with another person operating a car in the same direction that defendant was driving, which person carelessly and negligently drove around defendant's car and directly in front of said car and in close proximity thereto and turned north on 12th street, turned his car to the left and on to the left side of the street, he would have a right so to do provided he exercised reasonable care in so doing under the circumstances for the safety of other persons or vehicles rightfully upon the left-hand side of said street, and in this connection you are further instructed that the burden is upon the defendant to prove by a fair preponderance of the evidence his right to go upon the left side of the street under the circumstances at the time of the collision in question."

This instruction correctly states the law. In the emergency created by the car cutting in front of defendant, and only two or three feet from him, defendant had a right to swerve to the left to keep from striking it, and in doing so, he was required to exercise only reasonable care for the safety of others using the street, and it was a question of fact for the jury, as to whether or not he did this. This is simply one of those unavoidable accidents, in so far as defendant is concerned, which is always unfortunate, but without legal liability.

The judgment of the lower court is affirmed, and the case remanded, with directions to dismiss.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.