# HENRY SATHRUM v. EPHRINE P. LEE.[1]

April 17, 1930.

No. 27,739.

[1]Reported in 230 N. W. 580.

*A. J. Rockne,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre,* for respondent.

STONE, J.

In this action for personal injuries arising out of an automobile collision, plaintiff had a verdict and appeals from an order granting defendant a new trial because alone of errors of law.

The accident occurred on the late afternoon of June 28, 1927. Defendant, operating his own car with plaintiff as his guest, was driving south from Red Wing on Goodhue county highway B enroute to Kenyon. As they went over a hilltop there was a head-on collision with a Dodge sedan belonging to the state highway department and driven by one Anderson. The case was tried and went to the jury upon the theory that the question of defendant's negligence was one of fact, and the jury was told in substance that if he was negligent it was because he had violated the provision of the uniform highway act, 1 Mason, 1927, § 2720-1, et seq. The main charge of negligence relied upon by plaintiff seems to have been that defendant was traveling in the center, or to the left of the center, of the road when he should have been on the right side or at least upon "the right half of the traveled portion of the highway." His admitted speed of about 35 miles an hour was another item of alleged negligence in violation of statute. There is testimony that the car driven by Anderson was going at between 25 and 30 miles an hour. The highway at the place in question and for some distance each way was graded and graveled to a width of about 22 feet. But notwithstanding it is insisted for defendant, in substance, that there was but one lane of travel which "straddled" the center of the grade. He testified also that "my car and the Dodge were both straddling the center of the road but a little more to the west," that is, to defendant's right.

As defendant topped the hill he saw the other car immediately in front of him, the collision inevitable and, so he testifies, concluded that the only possible chance of escape was to his left, where there

was no ditch, rather than to his right, where there was one. He says that with that idea he turned to the left, but the collision resulted notwithstanding. Defendant's thus turning to his left rather than to his right (1 Mason, 1927, § 2720-11) is the final act of negligence charged against him.

Defendant requested an instruction that if an emergency had been created by the negligence of the other driver without negligence on the part of defendant, in consequence of which the latter, "acting as a reasonably prudent man under the circumstances, turned his car from his right to his left side of the road to avoid the collision, then the fact that the collision may have occurred upon the east side of the road [defendant's left side] would not necessarily constitute a violation" by defendant of the statute requiring him to travel on the righthand side of the road and to pass on the right vehicles proceeding in an opposite direction. The instruction was refused because, in the opinion of the learned trial judge, "it conflicts with the state law," meaning doubtless the uniform highway traffic act, hereinafter quoted.

■ For plaintiff it is objected that defendant's request for the instruction came too late to be considered because it was not submitted until after the charge was otherwise complete. The answer is that the learned trial judge did consider the request. The jury had not retired. Counsel for defendant frankly admitted that he should have brought the subject up before, and in substance asked and procured leave to submit the request. While under the statute, G. S. 1923 (2 Mason, 1927) § 9298, requests for instructions should be submitted "before the argument begins," there is nothing to prevent the trial judge from doing as he did here and considering such requests whenever presented. There is nothing in the statute limiting the power of the court. The most that can be said is that the trial judge is "not required to consider" special requests which are not "seasonably" presented. Gracz v. Anderson, 104 Minn. 476, 480, 116 N. W. 1116. In consequence such requests may be ignored and error cannot be based thereon when they were not submitted until after the jury retired. Hall v. Johnson, 179 Minn. 428, 229 N. W. 867.

■ We cannot agree that the requested instruction embodied anything in conflict with the law of the road as now expressed in the uniform highway traffic act. 1 Mason, 1927, § 2720-1, et seq. By § 2720-9 it is required that upon all highways of sufficient width, except one-way streets, vehicles shall proceed "upon the right half of the traveled portion of the highway * * * unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle." And § 2720-11 requires that "drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible." It is true that ordinarily violation of such requirements of positive law is negligence per se. But such rules are not so inexorable as not to recognize that emergencies will arise where exact compliance is impossible and so not required. The purpose of such rules is safety. They must be construed and applied accordingly. It has been said even that one "is bound to technically violate" the rules of the road "if by so doing he can avoid inflicting injury to person or property." Walker v. Lee, 115 S. C. 495, 498, 106 S. E. 682, 683.

"Generally speaking, a failure to observe the statute is negligence per se, but we do not think the statute was meant to prevent a person in case of emergency and when in danger of a collision from turning and going upon the wrong side of the street. In such case, the paramount duty of the driver is to avoid injury if it can be done." Ripley v. Wilson, 140 Miss. 845, 105 So. 476.

See also Noyes v. Katsuno, 111 Wash. 529, 191 P. 419; Potter v. Glassell, 146 La. 687, 83 So. 898; Skene v. Graham, 114 Me. 229, 95 A. 950; Bragdon v. Kellogg, 118 Me. 42, 105 A. 433, 6 A. L. R. 669; Lloyd v. Calhoun, 78 Wash. 438, 139 P. 231; Larson v. Long, 74 Colo. 152, 219 P. 1066; Richards v. Rifenbery, 108 Okl. 56, 233 P. 692; Hammer v. Connecticut Co. 94 Conn. 127, 108 A. 534; Hicks v. Morgan (Tex. Civ. App.) 259 S. W. 263; Clarke v. Woop, 159 App. Div. 437, 144 N. Y. S. 595.

■ We think, then, upon the theory upon which the case was tried, the requested instruction should have been given. It embodied a correct statement of the law applicable to measures taken in an emergency in an effort to avoid the peril threatened by another's negligence. Anderson v. Davis, 151 Minn. 454, 187 N. W. 224.

We decide the case in accordance with the theory of the trial and the charge as a whole to the effect that defendant's negligence was a question of fact rather than law. It may be, as defendant insisted on the witness stand, that there was only one lane of travel (in the center of the road) in the sense that most or practically all of the traffic traveled in that lane. But the record is persuasive, if not conclusive, that over the hilltop where the collision occurred and for some distance each way the 20 or 22-foot traveled roadway was compacted and sufficiently hard and smooth so that travel over every portion of it was practicable. In that view it is hard to acquit of negligence a driver who approaches such a crest, where he cannot see traffic coming from the other direction, in the center of the roadway (wherever the most used "lane" may be) at a speed of 35 miles an hour. The speed itself is not negligent. It is the fast approach in the center of the road to a point beyond which the driver cannot see approaching traffic that seems to spell the absence of due care as matter of law. But inasmuch as that view of the case was not presented at the trial, we do not feel at liberty now to make it the basis of decision.

Order affirmed.