# ESTHER AND FRANK PETTIT v. OLAF J. NELSON AND OTHERS.[1]

November 10, 1939.

No. 32,229.

*Leslie Erickson,* for appellants.
*Snyder, Gale & Richards,* for respondents.

LORING, JUSTICE.

These cases come here on appeals from orders denying the plaintiffs' motions for new trial after verdicts for defendants.

The plaintiff Esther Pettit sought recovery for injuries suffered by her due to the alleged negligence of the defendants in repairing a refrigerator and permitting a dangerous gas to escape into the apartment occupied by the plaintiffs. The plaintiff Frank Pettit sought recovery for consequential damages as the husband of Esther.

[1]Reported in 288 N. W. 223.

The plaintiffs occupied an apartment in an apartment house in Minneapolis in which was installed a central refrigerating system with units in each of the apartments. Methyl chloride was the refrigerant used in this plant. The effect of this chemical on the coils, valves, and pipes of the refrigeration system was to develop leaks due to corrosion or electrolytic action or to expansion and contraction with variation of the temperature. Drains were installed from the individual refrigerator units to the kitchen sinks in the various apartments to carry off any liquid methyl chloride which escaped into the refrigerator units. If gas developed from the chemical it would come out through the drain spouts and rise in the kitchens since the gas was lighter than air. Leaks were located by the use of a halide blowtorch which sucked the methyl chloride gas into the flame of the torch. This turned the flame green.

Mrs. Pettit was injured on April 11, 1938, by being burned from gas which escaped from her sink. On that day the defendant Berheim was engaged in repairing several bad leaks in the various refrigerating units. He did this by shutting off the central compressor in the basement and proceeding to replace valves and otherwise to repair the various faults in the units. After making various repairs he turned on the pressure in the basement compressor for a period of about 15 seconds in order to test for other leaks in the system. The gauge indicated that a leak or leaks still existed so he immediately turned the pressure off. Within less than half a minute after he had done so he heard the defendant Zetta Nelson call "Fire." According to Mrs. Pettit's testimony, she had been sitting on the davenport with her child and heard a noise in the kitchen which aroused her apprehension. She found that there was a paper in front of the refrigerator which was on fire. She picked it up and walked to the sink and turned on the faucet. Then she took her child into the Nelson apartment. Berheim said upon examining the plaintiffs' refrigerator unit after this occurrence that he found a very small leak in the coil, thirty-five to forty thousandths of an inch in

size, and about one and one-half inches distant from the valve. This leak was due to corrosion and was too small to have been detected by the halide torch at the time that it was used to detect the bad leak in the valve. It could have been detected only after the pressure was put on to test for leaks. In his opinion the fire must have been placed close to the outlet of the refrigerator drain in order to ignite the gas, and a burning newspaper placed in the sink would have been sufficient to cause such ignition. A controversy developed as to whether Berheim had properly repaired the valve but was resolved in favor of Berheim by the jury. Witnesses were called who told just what was done in repairing or attempting to repair the leak in plaintiffs' unit.

The plaintiffs contend that the case should have been submitted to the jury under the doctrine of *res ipsa loquitur*. However, according to the record, which must control our decision, the plaintiffs did not suggest this to the court until after the closing arguments had been made by both counsel, when counsel for the plaintiffs said: "I request the court to instruct the jury under the doctrine of *res ipsa loquitur.*" He did not formulate a request setting out the doctrine or its claimed application to the case before the jury, and the court did not charge on that theory. 2 Mason Minn. St. 1927, § 9298, contemplates that such requests shall be submitted to the court in writing before the case is argued by either party and that the court in its discretion, if it so desires, may hear arguments before acting upon such requests, which shall be marked "Given," "Given as modified," or "Refused." When they are not so submitted the trial court is not required to consider them. Gracz v. Anderson, 104 Minn. 476, 116 N. W. 1116; Erickson v. Kuehn, 195 Minn. 164, 262 N. W. 56; Hocum v. Weitherick, 22 Minn. 152. In deference to the statute and in fairness to the trial court we could not hold otherwise. Moreover, counsel may not shoulder the burden of formulating such requested charge onto the court by a mere general suggestion that the court charge the jury upon a certain doctrine. He

must formulate the request in writing as he thinks it should be given by the court. Since plaintiffs' request was neither timely nor properly formulated or presented, we need not pass on the question as to whether its refusal was error. Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445, 52 L.R.A.(N.S.) 1176, relied upon by plaintiffs, was a case where an erroneous instruction was given.

Orders affirmed.