VERNON T. STALL v. CHRIST AUGUST CHRISTENSEN.

151 N. W. (2d) 764.

June 9, 1967—No. 39,948.

---

*Nolan, Alderman & Holden,* for appellant.
*Fitzpatrick & Larson,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict or in the alternative for a new trial. It basically involves a fact question growing out of an automobile accident. Plaintiff contends that the verdict is not justified by the evidence, is contrary to law, and that the court erred in its instructions.

The facts are uncomplicated and for the most part uncontradicted. The accident occurred at about 1:30 p. m. on December 19, 1963, in rural Cass County. Plaintiff, Vernon T. Stall, was driving a 1955 Ford automobile. He was followed by defendant, Christ August Christensen, who was operating a 1962 ½-ton Ford pickup truck. The day was clear but very cold (31° below zero), and the road was packed with ice and snow. As a result the vehicles were forced to travel at reduced rates of speed. The parties were traveling east on County Road No. 2, which intersects with a gravel road running north and south at the point of the accident. When the automobiles were about a quarter mile from this intersection, they were about 150 feet apart and proceeding at a rate of about 20 to 25 miles per hour. As plaintiff reached the intersection, he reduced his speed and pulled to the right as if to proceed south on the gravel road. At this point defendant was traveling 10 to 15 miles per hour and was about 75 to 100 feet behind plaintiff's vehicle. Instead of turning south, however, plaintiff made a sweeping left turn from the right side of County Road No. 2 and activated his left-turn signal. After realizing that plaintiff had decided to turn left

rather than right, defendant applied his brakes and slid on the icy surface to the point of impact at the center of the intersection. The left front bumper of defendant's vehicle struck the left rear fender of plaintiff's 1955 Ford. There was no damage to defendant's truck from the accident, and the only visible damage to plaintiff's vehicle was a dent on the fender which appeared to be the size of a "dinner plate" or "saucer." There was no complaint of injury on the part of plaintiff at the time of the accident. However, the complaint alleges damages in the sum of $47,000 for personal injuries and claimed actual special damages by way of doctor and hospital bills in excess of $3,000.

The conflict of evidence occurs in relation to the testimony of what actually happened at the intersection. Plaintiff contends that he made the left turn from the proper position in the intersection and that he activated his left-turn signal for a proper length of time so as to give adequate warning of the intended left turn. As we have indicated, however, the jury chose to believe defendant and his wife, who was an occupant of his vehicle at the time of the accident.

■ Plaintiff contends that the court erred in failing to instruct the jury as to the statutory duty of the driver following another vehicle, as expressed in Minn. St. 169.18, subd. 8(a), which provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

No written or oral request for this instruction was presented to the trial court before the case was submitted to the jury. It appears from the record that after the court had completed its instructions and the jury retired for its deliberations, counsel for plaintiff stated:

"Comes now the plaintiff in open court and after the jury has retired, and excepts to the failure of the Court to give the instruction encompassed in M. S. A. 169.18, Subd. 8, pertaining to a following vehicle, following too closely under the circumstances."

This claim of error brings into focus Rule 51, Rules of Civil Procedure, which, in part, provides:

"* * * No party may assign as error unintentional misstatements and verbal errors, or omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

This rule comprehends that errors or omissions in the court's charge should be brought to the attention of the court "before the jury retires to consider its verdict." The record is not clear as to what occurred when the asserted objections were presented to the court. It is certain, however, that the objection was not made until the jury had retired. We may assume that, if a request for proper instructions had been timely made, the trial court would not have sent the jury out but would have kept them in the jury box while the objections were being noted and considered, or if the jury had been sent out, they would have been admonished not to begin deliberations until further instructions from the court. It seems plain from the wording of Rule 51 that it does not comprehend that a jury should begin deliberations until the court has had an opportunity to fully instruct as to the law. See, 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 1103; 2 Youngquist & Blacik, Minnesota Rules Practice, 1965 Pocket Part, p. 123. We are required to resolve this issue in favor of defendant on authority of Carter v. Western Union Telegraph Co. 270 Minn. 341, 133 N. W. (2d) 833; Botz v. Krips, 267 Minn. 362, 126 N. W. (2d) 446; Schleuder v. Soltow, 239 Minn. 453, 59 N. W. (2d) 320; Pettit v. Nelson, 206 Minn. 265, 288 N. W. 223; and Sathrum v. Lee, 180 Minn. 163, 230 N. W. 580. In the Botz case we said (267 Minn. 369, 126 N. W. [2d] 451):

"The law appears to be well settled that failure to charge on any certain point of law is generally not error in the absence of a timely request from counsel. Here it is clear that defendant did not make timely requests and did not present them in language suitable for the charge."

■ Nor do we feel that the claim that the trial court failed to properly instruct the jury with reference to the change-of-course statute, § 169.19, subd. 1 (2), has merit. That section provides:

"Approach for a left turn on other than one-way roadways shall be made in that portion of the right half of the roadway nearest the center line thereof, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection."

In stating this objection, counsel informed the court:

"* * * And further excepts to the instruction relative to the obligations of a car making a left-hand turn at an intersection, that portion of which involved his having the obligation to do so from a position closest to the centerline of the highway upon which he is traveling."

We have examined the instructions of the trial court with reference to turning at intersections and the giving of required signals of such turns in light of the provisions of § 169.19. Without quoting or discussing at length the instructions of the trial court, it is sufficient to say that the statutory provisions referred to were substantially given, together with appropriate instructions on the elements of lookout and control. We have on innumerable occasions said that the court's instructions should be construed as a whole, having in mind the evidence in the case. If the instructions so viewed convey to the jury a clear and correct understanding of the law, they must be upheld. Considering the reasonable meaning and impact of the charge before us, as applied to the evidence in this uncomplicated case, it must be sustained. 19 Dunnell, Dig. (3 ed.) § 9781.

■ The verdict is sustained by the evidence. Affirmance here is required under authority of the recent case of Campeau v. Thomas, 269 Minn. 510, 131 N. W. (2d) 629. We there pointed out that not every rear-end collision results from negligence on the part of the following car and that the failure properly to observe a preceding car is not always a proximate cause of collisions. This is particularly true under the facts in this case where the driver of the following vehicle was led to believe that the leading vehicle was going to turn right at the intersection and where the jury could find that the left-turn signal of the

leading vehicle was not activated for a sufficient length of time to warn defendant.

Affirmed.

Mr. Justice Peterson, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.